LAUREN GALLO WHITE, State Bar No. 309075
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone:   (415) 947-2000
Facsimile:    (415) 947-2099
Email:  lwhite@wsgr.com

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMBASSADOR MARC GINSBERG and COALITION FOR A SAFER WEB,<br><br>                 Plaintiffs,<br><br>         v.<br><br>GOOGLE INC.,<br><br>                 Defendant. | CASE NO.: 5:21-CV-00570-BLF<br><br>**GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>Before:  Hon. Beth Labson Freeman<br>Courtroom:  3<br>Hearing Date:  October 7, 2021<br>Time:  9:00AM |

# **TABLE OF CONTENTS**

NOTICE OF MOTION ........................................................................................................................ 1

STATEMENT OF REQUESTED RELIEF ....................................................................................... 1

STATEMENT OF ISSUES ................................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 1

FACTUAL & PROCEDURAL BACKGROUND ........................................................................... 3

ARGUMENT ....................................................................................................................................... 5

I.     SECTION 230 BARS PLAINTIFFS' STATE LAW CLAIMS ......................................... 5

    A.     Plaintiffs Seek to Treat Google as a Publisher of Information Provided by Another Information Content Provider ..................................................................... 6

II.     PLAINTIFFS FAIL TO STATE A VIABLE CLAIM FOR RELIEF ............................... 8

    A.     Plaintiffs Lack the Standing Required to Bring a UCL Claim ............................... 8

    B.     Plaintiffs Have No Viable Claim for Negligent Infliction of Emotional Distress .................................................................................................................... 10

CONCLUSION .................................................................................................................................. 12

# **TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................5

*Barnes v. Yahoo!, Inc.*,
    570 F.3d 1096 (9th Cir. 2009) ..............................................................................................6, 7

*Batzel v. Smith*,
    333 F.3d 1018 (9th Cir. 2003) ..................................................................................................5

*Beckman v. Match.com, LLC*,
    2017 WL 1304288 (D. Nev. Mar. 10, 2017) ..........................................................................12

*Bennett v. Google, LLC*,
    882 F.3d 1163 (D.C. Cir. 2018) ................................................................................................7

*Birdsong v. Apple, Inc.*,
    590 F.3d 955 (9th Cir. 2009) ....................................................................................................8

*Carter v. Rasier-CA, LLC*,
    2017 WL 4098858 (N.D. Cal. Sept. 15, 2017) .......................................................................11

*Clark v. Cty. of Tulare*,
    755 F. Supp. 2d 1075 (E.D. Cal. 2010) ..................................................................................12

*Coffee v. Google, LLC*,
    2021 WL 493387 (N.D. Cal. Feb. 10, 2021) ........................................................2, 5, 6, 8, 9

*Doe No. 14 v. Internet Brands, Inc.*, 2016 U.S. Dist. LEXIS 192144 (C.D. Cal.
    Nov. 14, 2016) ........................................................................................................................11

*Doe v. Internet Brands, Inc.*,
    824 F.3d 846 (9th Cir. 2016) ....................................................................................................5

*Doe v. MySpace, Inc.*,
    528 F.3d 413 (5th Cir. 2008) ....................................................................................................7

*Dyroff v. Ultimate Software Grp., Inc.*,
    934 F.3d 1093 (9th Cir. 2019) ...............................................................................3, 5, 6, 7, 11

*Ess v. Eskaton Props.*,
    97 Cal. App. 4th 120 (Cal. App. 2002) ..................................................................................10

*Fair Hous. Council v. Roommates.com,
    LLC*, 521 F.3d 1157 (9th Cir. 2008) (en banc) ...............................................................2, 5, 6

*Fayer v. Vaughn*,
    649 F.3d 1061 (9th Cir. 2011) ..................................................................................................5

*Ginsberg v. Apple, Inc.*,
    No. 5:21-cv-00425-EJD (Jan. 17, 2021) ..................................................................................4

*Gonzalez v. Google, Inc.*,
    335 F. Supp. 3d 1156,1173 (N.D. Cal. 2018) ................................................................ 7

*Green v. Am. Online (AOL)*,
    318 F.3d 465 (3d Cir. 2003) ........................................................................................... 7

*Hawkins v. Kroger Co.*,
    906 F.3d 763 (9th Cir. 2018) .......................................................................................... 8

*Herrick v. Grindr, LLC*,
    306 F. Supp. 3d 579 (S.D.N.Y. 2018) ........................................................................... 12

*Huggins v. Longs Drug Stores Cal., Inc.*,
    6 Cal. 4th 124 (Cal. 1993) ...................................................................................... 10, 11

*Kimzey v. Yelp! Inc.*,
    836 F.3d 1263 (9th Cir. 2016) ..................................................................................... 5, 7

*Klayman v. Zuckerberg*,
    753 F.3d 1354 (D.C. Cir. 2014) ................................................................................... 6, 7

*Kwikset Corp. v. Super. Ct.*,
    51 Cal. 4th 310 (2011) .................................................................................................... 2

*Perfect 10, Inc. v. CCBill LLC*,
    488 F.3d 1102 (9th Cir. 2007) ........................................................................................ 5

*Potter v. Firestone Tire & Rubber Co.*
    6 Cal. 4th 965, 984, 863 P.2d 795 (1993) ..................................................................... 11

*Prager Univ. v. Google*,
    2018 WL 1471939 (N.D. Cal. Mar. 26, 2018) ................................................................ 5

**STATUTES**

47 U.S.C. § 230(c) ................................................................................................................... 1

47 U.S.C. § 230(c)(1) ....................................................................................................... *passim*

Cal. Bus. & Prof. Code § 17200 .............................................................................................. 1

Cal. Bus. & Prof. Code § 17204 .............................................................................................. 8

**RULES**

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 1, 5

## NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on October 7, 2021 at 9:00 AM, in the United States District Courthouse, Courtroom 3, 5th Floor, 280 South 1st Street, San Jose, CA 95113, before the Honorable Beth Labson Freeman, Defendant Google, LLC ("Defendant" or "Google") will, and hereby does, move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) for an order dismissing with prejudice the Complaint brought by Plaintiffs Marc Ginsberg ("Ginsberg") and the Coalition for a Safer Web ("CSW").

The motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities in support thereof; the Proposed Order filed concurrently herewith; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters properly before the Court.

## STATEMENT OF REQUESTED RELIEF

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and 47 U.S.C. § 230(c), Google requests that the Court dismiss with prejudice Plaintiffs' claims for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, and negligent infliction of emotional distress.

## STATEMENT OF ISSUES

1. Whether Section 230 of the Communications Decency Act ("CDA"), 47 U.S.C. § 230(c)(1), bars Plaintiffs' claims.

2. Whether Plaintiffs' Complaint should otherwise be dismissed under Rule 12(b)(6) for failure to state a claim.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Ambassador Marc Ginsberg and the organization he founded, the Coalition for a Safer Web, assert that several of Telegram's 500 million third-party users have used Telegram to send messages that contain hateful rhetoric or promote extremism. Neither Telegram nor any of its users are parties to this case, and Plaintiffs have apparently not made any effort to pursue claims against them.

Instead, Plaintiffs have sued Google. They seek to hold Google liable for the content of messages exchanged through Telegram's platform based on Google's role as the operator of Google Play, an online platform where users can access a wide variety of digital content and download applications, including Telegram. Plaintiffs do not allege that Google played any role in creating, operating, or moderating content on Telegram, or that it contributed to the objectionable content disseminated by Telegram's users. Plaintiffs nevertheless assert that Google should have removed the Telegram app from Google Play, and that it violated California's Unfair Competition Law ("UCL") and negligently inflicted emotional distress on Plaintiffs by failing to do so. While Plaintiffs' goals of combating anti-Semitism and hate speech are important, they have chosen the wrong target for their campaign. Plaintiffs' claims fail for multiple independent reasons.

As an initial matter, Plaintiffs' claims run directly into Section 230 of the Communications Decency Act ("Section 230"), which expressly bars all claims seeking to hold interactive service providers liable for alleged harm caused by user-generated content. Section 230 "[was] enacted to protect websites against the evil of liability for failure to remove offensive content." *Fair Hous. Council v. Roommates.com, LLC*, 521 F.3d 1157, 1174 (9th Cir. 2008) (en banc). That is precisely what Plaintiffs seek to do here. Their claims all turn on Google's failure to remove the Telegram app from the Google Play store. This Court recently dismissed an analogous case under Section 230, finding that "Google cannot be held liable for merely allowing [app] developers to provide apps to users through the Google Play Store, as 'providing third parties with neutral tools to create web content is considered to be squarely within the protections of § 230.'" *Coffee v. Google, LLC*, 2021 WL 493387, at *8 (N.D. Cal. Feb. 10, 2021) (Freeman, J.) (citation omitted). The same result is required here.

Even setting aside immunity under Section 230, Plaintiffs still fail to state a claim. First, Plaintiffs lack standing to sue under the UCL. A UCL claim requires economic injury, specifically "lost money or property," resulting from the alleged misconduct. *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 325-26 (2011). But Plaintiffs have alleged no such injury. Instead,

they contend that Ginsberg's phone supposedly declined in value because Google kept Telegram on Google Play. This theory makes no sense. Ginsberg does not even allege that he downloaded Telegram from Google Play or used the app on his device. He certainly offers no plausible explanation of how his phone could have lost value merely because the Telegram app remained available in Google Play for *other people* to download and use. Second, Plaintiffs' claim for negligent infliction of emotional distress ("NIED") fails because, under established Ninth Circuit law, online platforms like Google Play do not owe a duty of care to users. *See Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1100-01 (9th Cir. 2019). Whether under Section 230 or on their own terms (or both), Plaintiffs' claims should be dismissed.

### FACTUAL & PROCEDURAL BACKGROUND

Google is a provider of interactive computer services, including its search engine and Google Play. ¶ 10. (Citations to "¶ _" are to the Complaint. ECF No. 1.) Google Play is an online platform and marketplace from which users can download a wide variety of apps to their mobile devices. *Id.* Before being made available on Google Play, apps must undergo a review process, must agree to Google's established terms of use, and must comply with Google's policies and guidelines. ¶¶ 25-26. Google has "full managerial discretion to remove apps that violate [its] guidelines." ¶ 94.

One of the apps that is available for download in Google Play is Telegram, a popular messaging app. ¶ 30. The app allows users to exchange messages and other content, and uses encryption to protect the privacy of user communications. ¶¶ 30-36. Telegram maintains policies for regulating content or activity on its platform and may remove content that violates its policies. ¶¶ 37-40. The Complaint identifies various examples of user content allegedly disseminated through Telegram that Plaintiffs describe as reflecting hate speech, racism, anti-Semitism, or incitement of violence. ¶¶ 51-71.

Plaintiff Ginsberg created the Coalition for a Safer Web "to compel social media platforms to end their tolerance of anti-Semitism and their enabling of extremist groups to operate with impunity over social media." ¶ 8. He allegedly owns a Samsung Galaxy Express smartphone

running the Android operating system for personal and professional use. ¶ 4. While Android devices can download apps from Google Play, Ginsberg does not assert that he downloaded the Telegram app to his smartphone—or even that he ever used the Telegram app. Nor does he allege that he actually viewed the content described in the Complaint.

Based on these allegations, Plaintiffs assert two claims against Google, one arising under the unlawful and unfair prongs of the UCL and the other for negligent infliction of emotional distress. To support the emotional distress claim, Ginsberg notes that he "is a Jewish person whose professional work requires him to maintain a presence in the public eye." ¶ 81. According to the Complaint, the anti-Semitic and other objectionable content on Telegram has caused him to "live in apprehension of religiously motivated violence being perpetrated against him," which has in turn "caused him substantial emotional harm, including depression and anxiety." ¶¶ 82-83. In addition, Ginsberg claims to have suffered damages "through his purchase of his Samsung [phone]" or from "being deprived of a key benefit of the purchase and use of" his phone. ¶¶ 13, 105. While Plaintiff CSW allegedly reimburses Ginsberg for his professional use of his Samsung Galaxy Express (¶ 9), the Complaint does not suggest that CSW was in any way affected by any content allegedly disseminated on Telegram. At the heart of Plaintiffs' claims is the assertion that Google should have removed the Telegram app from Google Play as a means of "compel[ling] Telegram to improve its content moderation policies." ¶ 49. To that end, Plaintiffs seek to enjoin Google from making Telegram available on Google Play. ¶¶ 13, 105.

Around the same time that Plaintiffs sued Google, they filed a nearly identical complaint against Apple. Compl., *Ginsberg v. Apple, Inc.*, No. 5:21-cv-00425-EJD (Jan. 17, 2021). There, Ginsberg claims to own an Apple iPhone and complains about Telegram's presence on Apple's App Store. *Id.* ¶¶ 4, 28. The factual allegations and causes of action against Apple are otherwise a close copy of Plaintiffs' Complaint against Google. There is no indication that Plaintiffs have brought any claims directly against Telegram or any of the users who created the content described in the Complaint.

# ARGUMENT

To survive a motion under Rule 12(b)(6), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, Plaintiffs must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Prager Univ. v. Google*, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011)).

## I.   SECTION 230 BARS PLAINTIFFS' STATE LAW CLAIMS

Section 230(c)(1) states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). This provision "protects websites from liability under state or local law for material posted on their websites by someone else." *Dyroff*, 934 F.3d at 1097 (quoting *Doe v. Internet Brands, Inc.*, 824 F.3d 846, 850 (9th Cir. 2016)). In enacting this provision, Congress recognized that "[m]aking interactive computer services and their users liable for the speech of third parties would severely restrict the information available on the Internet." *Batzel v. Smith*, 333 F.3d 1018, 1027-28 (9th Cir. 2003).

Courts have applied this provision "'to establish broad federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service.'" *Coffee*, 2021 WL 493387 at *4 (quoting *Perfect 10, Inc. v. CCBill LLC*, 488 F.3d 1102, 1118 (9th Cir. 2007). As this Court has explained, "the immunity extends to *all* claims stemming from an interactive computer service provider's publication of content created by third parties." *Id.* at *4. And because Section 230 is meant to protect "not merely from ultimate liability, but from having to fight costly and protracted legal battles," *Roommates*, 521 F.3d at 1175, it is well settled that Section 230(c)(1) is a proper basis for dismissing claims under Rule 12(b)(6). *See, e.g.*, *Coffee*, 2021 WL 493387 at *8 (granting motion to dismiss under Section 230(c)(1)); *see also Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1266 (9th Cir. 2016) (affirming grant of

motion to dismiss under Section 230(c)(1)); *Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014) (explaining that dismissal under Section 230 is proper when "the statute's barrier to suit is evident from the face of the complaint").

### A. Plaintiffs Seek to Treat Google as a Publisher of Information Provided by Another Information Content Provider

There is an established three-part test for application of Section 230(c)(1). "Immunity from liability exists for '(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider.' When a plaintiff cannot allege enough facts to overcome Section 230 immunity, a plaintiff's claims should be dismissed." *Dyroff*, 934 F.3d at 1097 (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100 (9th Cir. 2009)). All three elements are readily met here.

*First*, Google is the provider of an interactive computer service. Plaintiffs acknowledge as much in alleging that Google is engaged in the "distribution of applications on the Google Play Store." ¶ 12; *accord Coffee*, 2021 WL 493387, at *5 (finding that Google is an interactive computer service in connection with its operation of Google Play); *Dyroff*, 934 F.3d at 1097 (explaining that "[w]e interpret the term 'interactive computer service' expansively and that "[w]ebsites are the most common interactive computer services").

*Second*, Plaintiffs' claims treat Google as the publisher or speaker of the allegedly unlawful content. In determining whether a plaintiff's claims treat an interactive computer service as a publisher, "courts must ask whether the duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker.' If it does, section 230(c)(1) precludes liability." *Barnes*, 570 F.3d at 1101-02. As this Court has explained, "publication includes 'any activity that can be boiled down to deciding whether to exclude material that third parties seek to post online.'" *Coffee*, at *6 (quoting *Roommates*, 521 F.3d at 1170-71); *accord Barnes*, 570 F.3d at 1102 ("[P]ublication involves reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content.").

Here, Plaintiffs plainly seek to hold Google liable as a publisher of apps on Google Play (and, indirectly, of the content exchanged through those apps). The essence of Plaintiffs' claims is that Google should have removed (that is, ceased publishing) the Telegram app, or that it should have used the threat of removal to force Telegram to more aggressively monitor or police user messages on its app. ¶¶ 30-32, 47, 84-87. These claims target "the very essence of publishing"—*i.e.* "making the decision whether to print or retract a given piece of content." *Klayman*, 753 F.3d at 1359; *accord Kimzey*, 836 F.3d at 1268 ("Kimzey's claims are premised on Yelp's publication of Sarah K's statements and star rating. In other words, the claim is directed against Yelp in its capacity as a publisher or speaker."); *Barnes*, 570 F.3d at 1103 ("[R]emoving content is something publishers do, and to impose liability on the basis of such conduct necessarily involves treating the liable party as a publisher of the content it failed to remove"); *Bennett v. Google, LLC*, 882 F.3d 1163, 1168 (D.C. Cir. 2018) ("the decision to print or retract is fundamentally a publishing decision for which the CDA provides explicit immunity"); *Doe v. MySpace, Inc.*, 528 F.3d 413, 420 (5th Cir. 2008) (Section 230 precludes liability for "decisions relating to the monitoring, screening, and deletion of content") (quoting *Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003)).

*Third*, Plaintiffs' claims are overtly based on information provided by another content provider. Indeed, there are *two* distinct layers of third-party-provided content in this case: the Telegram app itself and the allegedly harmful or offensive speech posted by users of Telegram. *See* ¶¶ 29-42 (describing Telegram's Terms of Service and Moderation policies); ¶¶ 48-70 (describing posts on Telegram). But none of the alleged content—neither the Telegram app itself nor any of the messages exchanged through it—is alleged to have been created or developed by Google. *See, e.g.*, *Dyroff*, 934 F.3d at 1098 ("The third prong is also met because … the content at issue was created and developed by [third parties]"); *Bennett*, 882 F.3d at 1167 ("Bennett alleges that only Pierson—and not Google—created the offensive content on the blog."); *Klayman*, 753 F.3d at 1358 ("[T]he complaint nowhere alleges or even suggests that Facebook provided, created, or developed any portion of the content that Klayman alleges harmed him"); *Gonzalez v.*

GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT    -7-    CASE NO.: 5:21-CV-00570-BLF

*Google, Inc.*, 335 F. Supp. 3d 1156,1173 (N.D. Cal. 2018), *appeal docketed*, No. 18-16700 (9th Cir. Sep. 10, 2018) (Google was not the "information content provider" of videos allegedly posted by third-party terrorist organizations).

This Court recently applied Section 230 to bar a similar set of claims arising from Google's alleged failure to remove third-party apps from Google Play. *Coffee*, 2021 WL 49338, at *6. The plaintiffs there alleged that Google violated state consumer protection laws by allowing certain video game apps to be published. The Court dismissed the claims as a matter of law, explaining that, because plaintiffs "[sought] an order requiring Google to screen apps offered through its Google Play store and exclude those containing [certain content]," they were demanding that Google engage in "conduct that [was] squarely within the role of a publisher." *Id*. So too here: "Google cannot be held liable for merely allowing []developers to provide apps to users through the Google Play store, as 'providing third parties with neutral tools to create web content is considered to be squarely within the protections of § 230.'" *Id*. at *8.

## II.     PLAINTIFFS FAIL TO STATE A VIABLE CLAIM FOR RELIEF

This Court need go no further to dismiss Plaintiffs' claims—Section 230 presents a clear bar. However, both of Plaintiffs' causes of action also fail on their own terms.

### A.     Plaintiffs Lack the Standing Required to Bring a UCL Claim

Plaintiffs' claim under the UCL fails for lack of standing. "A private person has statutory standing under the UCL only if he or she 'has suffered injury in fact and has **lost money or property** as a result of the unfair competition.'" *Coffee*, 2021 WL 493387, at *8 (emphasis added) (quoting Cal. Bus. & Prof. Code § 17204); *see also Hawkins v. Kroger Co.*, 906 F.3d 763, 768 (9th Cir. 2018) (citation omitted) ("A plaintiff is required to show some form of economic injury as a result of his transactions with the defendant."); *Birdsong v. Apple, Inc.*, 590 F.3d 955, 960 (9th Cir. 2009) ("[T]o plead a UCL claim, the plaintiffs must show, consistent with Article III, that they suffered a distinct and palpable injury as a result of the alleged unlawful or unfair conduct."). To establish statutory standing, a complaint must allege facts showing both economic injury and causation. *Coffee*, 2021 WL 493387, at *9.

Plaintiffs have alleged neither. There is no allegation in the Complaint that Plaintiffs purchased anything from Google. Ginsberg does not allege that he bought his phone from Google, and he does not allege that he downloaded any app, including Telegram, from Google Play, much less that he paid Google any money to do so. ¶ 4. Plaintiff Ginsberg vaguely refers to the "purchase [of] Google products" (¶ 104), but the Complaint does not identify anything that he actually bought from Google, much less explain the connection of any such purchase to his claims. For its part, CSW did nothing other than "reimburse" Ginsberg for his "professional use" of his phone. ¶ 9.

In a gesture to the UCL's standing requirement, the Complaint alleges that Ginsberg was "deprived of a key benefit of the purchase and use of the Samsung Galaxy Express." ¶ 105. But this unexplained allegation does not plausibly establish a loss of money or property. Ginsberg does not suggest that his phone has malfunctioned in any way or that he cannot access or use Google Play to download apps or other content. His only issue seems to be that Telegram remains available for download, which in his view is contrary to Google's content moderation policies and Plaintiff's expectation that Google should enforce those policies. ¶¶ 104-05. But even crediting that allegation, it does not create UCL standing. Plaintiff does not even try to explain how his Samsung phone could have lost any value merely because Google Play contains a third-party app that he dislikes. Nor could he: whether Telegram is or is not available for download on Google Play has no conceivable effect on Plaintiffs' economic interests.

In *Coffee*, this Court dispatched a similarly baseless UCL claim for lack of standing. There, plaintiffs allegedly purchased virtual currency through Google Play while playing video games downloaded from the app store. *Coffee*, 2021 WL 493387, at *9. The Court found no economic injury based on those transactions: "Plaintiffs do not explain how their purchases of virtual currency resulted in economic loss. . . . Nor do Plaintiffs allege . . . 'that they were deprived of an agreed-upon benefit in purchasing' the virtual currency . . . . 'If one gets the benefit of his bargain, he has no standing under the UCL.'" *Id.* (citations omitted). This case is even easier. The plaintiffs in *Coffee* actually paid money to Google, which they spent in

GOOGLE LLC'S NOTICE OF MOTION AND
MOTION TO DISMISS PLAINTIFFS' COMPLAINT                    -9-                    CASE NO.: 5:21-cv-00570-BLF

connection with the allegedly unlawful apps that they downloaded through Google Play. Still, they had no economic injury under the UCL. Here, Plaintiffs purchased nothing from Google—and never even claim to have downloaded or used the Telegram app (much less spent money to do so). There is nothing resembling monetary injury here. Accordingly, Plaintiffs cannot proceed under the UCL.

Plaintiffs' UCL claim (which is asserted under the statute's unlawful and unfair prongs) also faces multiple other hurdles, including the lack of any plausible allegations that Google engaged in unlawful or unfair conduct. But given Plaintiff's obvious lack of standing (and the immunity afforded by Section 230), the Court need not address those additional problems here.

### B. Plaintiffs Have No Viable Claim for Negligent Infliction of Emotional Distress

Plaintiffs also fail to state a viable claim for negligent infliction of emotional distress. Under California law, "[n]egligent infliction of emotional distress is not an independent tort; it is the tort of negligence to which the traditional elements of duty, breach of duty, causation, and damages apply." *Ess v. Eskaton Props.*, 97 Cal. App. 4th 120, 126 (Cal. App. 2002); *accord Huggins v. Longs Drug Stores Cal., Inc.*, 6 Cal. 4th 124, 129 (Cal. 1993). The claim's viability often turns on the "determination of the duty issue," which is a question of law. *Ess*, 97 Cal. App. 4th at 126. Here, Plaintiffs devote a single boilerplate allegation to the question of duty: "Defendant owes a duty of reasonable care to ensure that their services are not used as a means to inflict religious and racial intimidation." ¶ 73.

This general allegation of duty—and with it Plaintiffs' claim—fails as a matter of law.[1] The California Supreme Court has expressly rejected the existence of a general duty of reasonable

---

[1] While the lack of duty is the most obvious defect in Plaintiffs' claim for negligent infliction of emotional distress, they have equally failed to state each of the other elements. Moreover, Plaintiffs cite no harm or emotional distress caused to CSW as an organization, and so the claim fails as to CSW for that additional reason. Given Section 230 and Plaintiffs' obvious failure to allege a duty of care, the Court need not reach these issues to dispose of Plaintiffs' claim.

care to prevent emotional distress. *See Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984, 863 P.2d 795 (1993) ("[T]here is no duty to avoid negligently causing emotional distress to another, and . . . damages for emotional distress are recoverable only if the defendant has breached some other duty to the plaintiff.").

Nor has Plaintiff identified a more specific legal duty on which to base his negligence claim. To the extent that Plaintiff tries to assign Google a duty of care as the operator of Google Play, such a claim would fail as a matter of law. In *Dyroff*, the Ninth Circuit expressly held that a website providing a forum for users to post and receive material owed them no duty of care. 934 F.3d at 1100-01. That case arose after the website allegedly notified a user of another user's post on a message board relating to heroin use. The notification eventually led to an illegal drug transaction and the death of one of the users from a drug overdose. *Id.* at 1095. The Court of Appeals explained that "[n]o website could function if a duty of care was created when a website facilitates communication, in a content-neutral fashion, of its users' content" and expressly "decline[d] to create such a relationship." 934 F.3d at 1101; *see also Doe No. 14 v. Internet Brands, Inc.*, 2016 U.S. Dist. LEXIS 192144, at *14 (C.D. Cal. Nov. 14, 2016) (concluding that website operator owed no duty to warn members of the website). Just so here: Plaintiffs cannot allege a duty on Google's part merely based on its operation of a platform that makes third-party apps available for download.

*Dyroff* categorically forecloses Plaintiffs' negligence claim. Indeed, Plaintiff's threadbare allegation of duty is even weaker than the one rejected in *Dyroff* because the relationship between Plaintiffs and Google alleged in the Complaint is even more attenuated. Whereas the user in *Dyroff* actually used and posted to the website at issue, Plaintiffs here do not claim that they ever downloaded Telegram from Google Play or viewed content on Telegram, much less that Google did anything to bring the app or its content to their attention. All Google is alleged to have done is provide "content-neutral functions"—namely, making a broad array of third-party apps available on Google Play, including Telegram. *Dyroff*, 934 F.3d at 1100.

Because Plaintiff fails to allege a relevant duty of care, the negligent infliction of emotional distress claim fails as a matter of law. *See, e.g.*, *Carter v. Rasier-CA, LLC*, 2017 WL 4098858, at *5 (N.D. Cal. Sept. 15, 2017), *aff'd*, 724 F. App'x 586 (9th Cir. 2018) (dismissing claim for negligent infliction of emotional distress based on lack of duty of care); *Clark v. Cty. of Tulare*, 755 F. Supp. 2d 1075, 1092 (E.D. Cal. 2010) (same); *see also Beckman v. Match.com, LLC*, 2017 WL 1304288, at *3 (D. Nev. Mar. 10, 2017), *aff'd*, 743 F. App'x 142 (9th Cir. 2018) (dismissing negligence claim and finding that Match.com had no duty to warn of dangers on the website, because there was no "special relationship" between the website and its users); *accord Herrick v. Grindr, LLC*, 306 F.Supp.3d 579, 598-99 (S.D.N.Y. 2018), *aff'd*, 765 F. App'x 586 (2d Cir. 2019) (dismissing negligent misrepresentation claim against Grindr app on a similar basis).

## CONCLUSION

For all these reasons, Plaintiffs' Complaint should be dismissed with prejudice.

Respectfully submitted

Dated:  April 22, 2021

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   /s/ Lauren Gallo White
       Lauren Gallo White
       lwhite@wsgr.com

*Attorneys for Defendant*
GOOGLE LLC