# EXHIBIT 2

**WILSON SONSINI**

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126

O: 415.947.2000
F: 415.947.2099

LAUREN GALLO WHITE
Internet: LWHITE@wsgr.com

March 26, 2021

**Via Electronic Mail**

Mr. Keith L. Altman
Excolo Law, PLLC
26700 Lahser Road
Suite 401
Southfield, MI 48033

      Re:    *Ginsberg v. Google, Inc.*, Case No. 5:21-cv-00570-BLF

Dear Mr. Altman:

      We write on behalf of Google LLC ("Google") regarding the above captioned matter. We have reviewed your complaint asserting that Telegram's presence in the Google Play Store violated your client's rights under California's Unfair Competition Law, and caused your client emotional distress. Our review of the Complaint raises serious doubts about the validity of your claims, and whether you have a good faith basis to proceed.

      *First*, as you know, Section 230(c)(1) of the Communications Decency Act bars claims that target decisions by interactive computer services, such as Google, to publish or decline to remove third-party content. *See, e.g.*, *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1099 (9th Cir. 2009); *Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1097 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 2761, 206 L. Ed. 2d 936 (2020). Your UCL and emotional distress claims run squarely into Section 230's immunity. *Coffee v. Google, LLC*, 2021 WL 493387, at *4-*8 (N.D. Cal. Feb. 10, 2021) (Freeman, J.) (applying Section 230 to dismiss claims against Google based on its decision to include certain apps in its Play Store). We cannot imagine any amendment or reformulation of Plaintiffs' claims that could circumvent Section 230.

      *Second*, your claims run into other obvious problems. It is dubious that Plaintiff Ginsberg's alleged purchase of a smartphone in 2013 from Samsung can establish a loss of "money or property" caused by Google's supposed misconduct, as required for any claim under the UCL. *See Coffee, LLC*, 2021 WL 493387, at *8 (quoting Cal. Bus. & Prof. Code § 17204); *accord Hawkins v. Kroger Co.*, 906 F.3d 763, 768 (9th Cir. 2018) ("A plaintiff is required to show some form of economic injury as a result of his transactions with the defendant."). We do not understand how the continued presence of Telegram in the Google Play Store amounts to an economic injury to Plaintiff Ginsberg, much less to the organization Coalition for a Safer Web. And with respect to the negligent infliction of emotional distress claim, such a claim requires a duty of care, but the Ninth Circuit has expressly held that there is no "special relationship" between websites and their users sufficient to establish a duty of care. *See Dyroff*, 934 F.3d at

WILSON SONSINI

Mr. Keith L. Altman
Excolo Law, PLLC
March 26, 2021
Page 2

1100-1101 (explaining that "no website could function if a duty of care was created when a website facilitates communication, in a content-neutral fashion, of its users' content").

      In short, the current Complaint seems plainly deficient in multiple respects, and we do not see how those problems could be cured by amendment. If you think we have misapprehended the applicable law or your factual allegations, please explain why no later than April 5, 2021. And if you think you could offer amendments in good faith (and consistent with Rule 11) that could somehow address these defects, we would urge you to do so *before* Google (and, importantly, the Court) are forced to undertake the burden and expense of a motion to dismiss.

      Very truly yours,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s Lauren Gallo White*

Lauren Gallo White